Dear Judge Lobrano:
You have requested that our office address an additional issue arising out of our previous Opinion Number 09-0236 based upon additional facts. You would like to know if the Plaquemines Parish Government ("PPG") may amend the PPG General Fund 2010 Operating Revenue Budget. The amendment would provide additional funding for probation officers employed by Plaquemines Parish's Misdemeanor Probation Department — Division "B" ("Misdemeanor Probation Department") who supervise misdemeanor criminal defendants placed on probation by Division "B" of the 25th
Judicial District Court ("25th JDC").
Our office does not operate as a fact-finder.[1] Our analysis is strictly based upon the facts provided to our office when an opinion request is made. The conclusions reached in our initial opinion were based on our understanding that the 25th JDC operated its own misdemeanor probation department for the purpose of supervising misdemeanor offenders placed on probation. Our office concluded that the PPG could not create a separate misdemeanor probation fee account within parish finances to receive misdemeanor probation fees collected by the court because the 25th JDC's misdemeanor probation officers made up a division of the 25th JDC and the misdemeanor probation fees were dedicated to defraying the costs associated with the misdemeanor probation program of the court. We further reasoned that `[t]o allow PPG to create an alternative fees account would conflict with an act of the State Legislature designed to protect an essential interest of the state: the general safety and welfare of the public." *Page 2 
Additional facts have been provided to our office since the issuance of Opinion Number 09-0236. Specifically, our office has learned that PPG is "the sole source of funding for the [Misdemeanor Probation Department] and fiscal agent for the Department and the Court." Presently, Mr. Todd Cruice is the only employee of the Misdemeanor Probation Department, which is entirely funded by the PPG through its "General Fund."[2] Our initial opinion was premised on the belief that the PPG did not fund the Misdemeanor Probation Department. These new facts are significant and alter our initial analysis.
As discussed in our original opinion, La.C.Cr.P. art. 895.1(c) permits a court that places an individual on supervised probation to utilize either the Department of Public Safety and Corrections ("DOC") or another agency to provide such services. La.C.Cr.P. art. 895.1(c) establishes the procedure for payment of fees when a criminal defendant is placed on supervised probation. A plain reading of the foregoing article suggests that the court is authorized to assess a monthly fee of $50.00 to $100.00, which would provide funding for the alternative supervising agency when the DOC is not the agency responsible for supervising the defendant while on probation.
Instead of relying on the DOC for probationary services, Division "B" of the 25th JDC has designated the Misdemeanor Probation Department to "supervise misdemeanor defendants placed on misdemeanor supervised probation." To "defray the cost of supervision," the 25th JDC has prescribed a $75.00 monthly fee to be paid as a condition of misdemeanor supervised probation. It should be noted that this is a new fee imposed by the 25th JDC. If permissible under Louisiana law, the PPG intends to have the collected misdemeanor probation fees paid into the "2010 PPG Operating General Fund Revenue Budget" to be appropriated for the operation of the Misdemeanor Probation Department. You would like to know whether it would be permissible to amend the PPG General Fund 2010 Operating Revenue Budget to establish the probation fee fund ("Court Fees-Misdemeanor Probation Dept — Div `B' Code: 01-44115"), into which the fee revenue would be credited, and then appropriate these monies — an estimated $57,000.00 to be collected in misdemeanor probation fees through Division "B" in 2010 — to the Department through the PPG ordinance process.
Our office has previously stated that "[political subdivisions operating under a home rule charter form of government are subject to the minimum standards established in the Louisiana Local Government Budget Act."[3] Our office maintains this position. The Louisiana Legislature has provided that the "[preparation and adoption of a budget by a political subdivision in any manner *Page 3 
contrary to the provisions of [the Chapter on the Local Budget Act] is hereby expressly prohibited."[4] The legislature also stated that "[i]t is the intent of the legislature that this Chapter shall apply to political subdivisions operating under a home rule charter or plan of government adopted or in existence pursuant to and under the authority of Article VI of the Louisiana Constitution of 1974 to the extent that governments operating under home rule charters are subject to this Chapter as minimum standards."[5] Hence, the PPG's home rule charter cannot conflict with the "Louisiana Local Government Budget Act" ("Local Budget Act"), La.R.S. 39:1301, et seq. Therefore, our office's analysis will focus on the PPG's "Charter for Self-Government" ("Charter") in tandem with the Local Budget Act.
According to the PPG's Charter, an amendment to the operating budget must be made in accordance with Section 7.04, which states as follows:
Section 7.04: Amendments to Operating Budget
A. Amendments to the operating budget adopted pursuant to Section 7.02 of this Charter may be proposed by either the President or Council and shall be by Ordinance in accordance with the provisions of this Charter.
B. Supplemental appropriations may be made only if the President certifies that funds are available for appropriation, in excess of those estimated in the operating budget.
Article 6 of the PPG's Charter governs ordinances. The proposed "ordinance" attached to your supplemental request is drafted in such a way that a Council member would make the proposal as required by Section 7.04(A). If the Parish President is able to certify that "funds are available for the appropriation, in excess of those estimated in the operating budget" as required by Section 7.04(B) then the proposed amendment would satisfy the requirements of the PPG's Charter.
As previously explained the requirements for amending the operating budget found in the PPG's Charter and in the Local Budget Act must be satisfied. Based upon the following analysis, it does not appear as though there is any conflict between the PPG's Charter language and the Local Budget Act.
La.R.S. 39:1305 of the Local Budget Act sets forth the procedures that must be adhered to when preparing a budget. Of particular interest is subsection (A), which states that "[e]ach political subdivision shall cause to be prepared a *Page 4 
comprehensive budget presenting a complete financial plan for each fiscal year for the general fund and each special revenue fund."[6] For the purposes of the Local Budget Act, the PPG would be a "political subdivision," as it is the "[p]arish governing authority."[7]
In this instance, the proposal offered by your Office would amend the PPG's operating budget to include the probation fee revenues in a specific line item and a corresponding appropriation of those revenues for the operation of the Misdemeanor Probation Department. La.R.S. 39:1310 governs amendments of such budgets under the Local Budget Act and states as follows:
When the governing authority has received notification pursuant to R.S. 39:1311, or there has been a change in operations upon which the original adopted budget was developed, the governing authority shall adopt a budget amendment in an open meeting to reflect such change. When an independently elected parish official has received notification pursuant to R.S. 39:1311(A), or when there has been a change in operations upon which the original adopted budget was developed, the independently elected official shall adopt a budget amendment and publish such amendment in the official journal as described by R.S. 39:1307(B). In no event shall a budget amendment be adopted proposing expenditures which exceed the total of estimated funds available for the fiscal year.
(emphasis added).
As previously discussed, Division "B" of the 25th
JDC has designated the Department as the provider of probationary supervision of misdemeanor offenders appearing before that court. Again, this is a new development for this court. According to La.R.S. 39:1310, a change of misdemeanor probation service provider for Division "B" of the 25th JDC could be considered "a change in operations upon which the original adopted budget was developed." Due to this change in operations, the Local Budget Act requires the governing authority to adopt a budget amendment in an open meeting to effect the change.See La.R.S. 39:1310. The open meeting must be conducted pursuant to the Open Meetings Law. See La.R.S. 42:4.1; La.R.S. 42:5. Moreover, the PPG's Charter, like the Local Budget Act, will not permit an amendment if the proposed expenditures or appropriations in this case exceed the total of estimated funds or are essentially unavailable for the year 2010. *Page 5 
The proposed amendment to the parish's 2010 Operating General Budget would only be permissible if the following requirements are satisfied: the PPG adheres to the provisions of the Local Budget Act; the PPG complies with the procedures outlined within its Charter; the proposed ordinance to amend the operating budget is passed; and the $57,000.00 in proposed appropriations does not exceed the total of estimated funds available for the year. Because it appears from your request that the $57,000.00 in new fee collections was not anticipated or reflected in the PPG 2010 budget, and that this anticipated fee revenue will offset the proposed expenditure(s) for the operation of the newly-designated Department, the proposed budget amendment would not result in expenditures being authorized beyond anticipated revenues.
In conclusion, it is our office's opinion that the PPG is authorized to provide funding for the 25th JDC Division "B" Misdemeanor Probation Department out of revenues derived from the collection of fees dedicated for that purpose. Furthermore, as long as there are sufficient funds available in the PPG's operating budget, the procedures for amending the operating budget and introducing an ordinance as outlined in Article 6 of the PPG's Charter are adhered to, the proposed ordinance is properly passed, and the PPG complies with the Local Budget Act, then it would be permissible to amend the PPG's General Fund 2010 Operating Revenue Budget to add $57,000.00 as the revenue line item "Court Fees-Misdemeanor Probation Dept — Div `B' Code: 01-44115", and to appropriate that same amount for the operation of the Department. .
In sum, it is our office's opinion that an ordinance amending the 2010 PPG budget to add $57,000.00 in fee revenue to the General Fund as the revenue line item "Court Fees — Misdemeanor Probation Dept-Div `B'" and to appropriate the same amount to the operation of the Misdemeanor Probation Department would be authorized if the requirements of the Plaquemines Parish Charter and the Local Budget Act are satisfied.
We hope that this information sufficiently answers your inquires. If we can be of further assistance, please do not hesitate to contact us.
Very truly yours,
JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
By:__________________________ KATHERINE K. GREEN Assistant Attorney General
JDC:KG:jv
[1] La. Atty. Gen. Op. 445(1918-19).
[2] Opinion Request, 09-0236A.
[3] La. Atty. Gen. Op. 09-0107.
[4] La.R.S. 39:1303(B).
[5] La.R.S. 39:1303(C).
[6] La.R.S. 39:1305(A).
[7] La.R.S. 39:1302(A).